The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM L. GALE,<br><br>Defendant. | NO. CR20-04 RAJ<br><br>ORDER |

THIS MATTER comes before the Court on defendant William Gale's motion, Dkt. No. 27, for *de novo* review of Magistrate Judge Brian A. Tsuchida's order denying his motion to reopen the detention order entered on April 2, 2020. Dkt. No. 26. The parties have adequately described the procedural history of this case so this Court will not restate the same again in this order.

In Mr. Gale's motion for *de novo* review, he asserts (1) since the time of his initial detention order, the Coronavirus Disease 2019 ("COVID-19") global pandemic threatens the health and safety of those confined in crowded environments such as the Federal Detention Center (FDC); (2) the current pandemic constitutes a compelling reason warranting his temporary release until the pandemic has ended; and (3) the restrictions on attorney communications with detainees calls for his temporary release under 18 U.S.C. § 3142(1)(4) because such release is necessary for preparation of his defense.

The Court has reviewed the materials filed in favor of the motion and in opposition to the motion. Based on this review, and the reasons stated below, the motion is DENIED, as is the alternative request for temporary release.

ORDER - 1

The Bail Reform Act permits the re-opening and review of an existing detention order based on new information, as permitted by 18 U.S.C. § 3142(f).

When considering a motion challenging a magistrate judge's detention order, the Court "should review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct, with no deference." *United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir. 1990). The Court must enter its own findings of fact, "whether different from or an adoption of the findings of the magistrate," and render a decision "without deference to the magistrate's ultimate conclusion." *Id.*

The Court may reopen a detention hearing "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2). New and material information consists of something other than a defendant's own evaluation of his character or the strength of the case against him: truly changed circumstances, something unexpected, or a significant event. *See United States v. Rodriquez-Adorno*, 606 F.Supp.2d 232, 239 (D.P.R. 2009).

In this case, as the government notably asserts, Gale does not challenge the magistrate's factual findings underlying his original detention order, nor does he point to any change in his individual circumstances that would warrant reconsideration of that order or the denial of his motion to revisit it. (Dkt. No. 29, p. 2).

Having made an independent review of the record surrounding the defendant's detention, the Court reaches the same precise conclusion of Judge Tsuchida (Dkt. No. 26), that the defendant's serious criminal history (convictions for unlawful possession of a firearm, felony domestic violence assault, and felony domestic harassment), the nature and circumstances of the case (allegedly having a firearm on his hip with an extended magazine loaded with 26 bullets, including one in the chamber and a second handgun in his car, along with another magazine), his gang connections, and the

The Bail Reform Act permits the re-opening and review of an existing detention order based on new information, as permitted by 18 U.S.C. § 3142(f).

When considering a motion challenging a magistrate judge's detention order, the Court "should review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct, with no deference." *United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir. 1990). The Court must enter its own findings of fact, "whether different from or an adoption of the findings of the magistrate," and render a decision "without deference to the magistrate's ultimate conclusion." *Id.*

The Court may reopen a detention hearing "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2). New and material information consists of something other than a defendant's own evaluation of his character or the strength of the case against him: truly changed circumstances, something unexpected, or a significant event. *See United States v. Rodriquez-Adorno*, 606 F.Supp.2d 232, 239 (D.P.R. 2009).

In this case, as the government notably asserts, Gale does not challenge the magistrate's factual findings underlying his original detention order, nor does he point to any change in his individual circumstances that would warrant reconsideration of that order or the denial of his motion to revisit it. (Dkt. No. 29, p. 2).

Having made an independent review of the record surrounding the defendant's detention, the Court reaches the same precise conclusion of Judge Tsuchida (Dkt. No. 26), that the defendant's serious criminal history (convictions for unlawful possession of a firearm, felony domestic violence assault, and felony domestic harassment), the nature and circumstances of the case (allegedly having a firearm on his hip with an extended magazine loaded with 26 bullets, including one in the chamber and a second handgun in his car, along with another magazine), his gang connections, and the

The Bail Reform Act permits the re-opening and review of an existing detention order based on new information, as permitted by 18 U.S.C. § 3142(f).

When considering a motion challenging a magistrate judge's detention order, the Court "should review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct, with no deference." *United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir. 1990). The Court must enter its own findings of fact, "whether different from or an adoption of the findings of the magistrate," and render a decision "without deference to the magistrate's ultimate conclusion." *Id.*

The Court may reopen a detention hearing "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2). New and material information consists of something other than a defendant's own evaluation of his character or the strength of the case against him: truly changed circumstances, something unexpected, or a significant event. *See United States v. Rodriquez-Adorno*, 606 F.Supp.2d 232, 239 (D.P.R. 2009).

In this case, as the government notably asserts, Gale does not challenge the magistrate's factual findings underlying his original detention order, nor does he point to any change in his individual circumstances that would warrant reconsideration of that order or the denial of his motion to revisit it. (Dkt. No. 29, p. 2).

Having made an independent review of the record surrounding the defendant's detention, the Court reaches the same precise conclusion of Judge Tsuchida (Dkt. No. 26), that the defendant's serious criminal history (convictions for unlawful possession of a firearm, felony domestic violence assault, and felony domestic harassment), the nature and circumstances of the case (allegedly having a firearm on his hip with an extended magazine loaded with 26 bullets, including one in the chamber and a second handgun in his car, along with another magazine), his gang connections, and the

fact that he was on probation when he committed the instant offense all militate against granting the defendant's motion for reasons independent of those raised in this motion. In addition, the government has provided to this Court an audio tape represented to be the defendant while booked in the King County Jail where he is allegedly making threats of violence against an unknown individual.

Consequently, this Court concludes that there are no conditions or combination of conditions that would reasonably assure the defendant's appearance as required or the safety of any other person and the community. The Court thus turns to the specific justifications raised by the defendant in his *de novo* review motion.

The Court does not dispute or challenge the assertions by the defendant of the dangerous risks of COVID-19. It is undisputed that this contagious disease may spread and affect countless individuals whether incarcerated or not. The defendant cites to generalized risks and nationwide prison population statistics about the growth in positive cases reported by the Bureau of Prisons (BOP). He further references the tragic impact data of COVID-19 in other jurisdictions, specifically Oakdale FCI, Elkton, and Danbury FCI. His analysis includes the Department of Justice's recognition of the dangers of the disease and potential outbreak in prison populations, *i.e.*, the Attorney General's order to BOP to expand the group of federal inmates eligible for early release and to prioritize release for specific facilities and those similarly situated where the virus is materially affecting BOP operations. (Dkt. No. 27, p. 9).

Fear of being affected by COVID-19 probably rests upon the mind of every person on the planet and is more likely than not at a heightened level by those locked in detention facilities. What is glaringly missing from the defendant's analysis are the specifics of how he is uniquely affected or potentially affected by the virus beyond fear and speculation. The defendant provides no specific factual or medical data about how his continued incarceration will be affected by the virus other than the general danger to incarcerated persons and his fear of the possibility that he will become infected.

Defendant's generalized fear of the virus is tempered by the fact that as of the date of this order, his risk factor is speculative since the BOP is reporting no known cases at FDC-SeaTac.

Based upon the record, defendant's request for release from custody is primarily based purely on the speculative prospect of a COVID-19 outbreak at the FDC-SeaTac. This speculation without individualized justification for release is unsubstantiated and unwarranted. There is no indication or evidence that FDC staff is unprepared to address a COVID-19 outbreak if one should arise.

District courts across the country have been inundated with motions similar to the one now before the Court. Indeed, on April 17, 2020, the day that defendant's motion was noted for consideration, at least five orders denying motions brought under 18 U.S.C. § 3142(f) were issued in various districts, and since then, no less than nine more have been entered. *See* United States v. Flores-Lopez, 2020 WL 1862599 (W.D. Wash. Apr. 14, 2020) (reversing a magistrate judge's decision to reopen detention hearing); *see also* United States v. Boone, 2020 WL 1865202 (E.D. Cal. Apr. 14, 2020); United States v. Miller, 2020 WL 1864633 (D. Mont. Apr. 14, 2020); United States v. Smith, 2020 WL 1864587 (D. Md. Apr. 14, 2020); United States v. Urban, 2020 WL 1862678 (N.D. Ohio Apr. 14, 2020); United States v. Hussein, 2020 WL 1853656 (D. Minn. Apr. 13, 2020); United States v. Lake, 2020 WL 1852435 (D. Colo. Apr. 13, 2020); United States v. Calvert, 2020 WL 1847754 (D. Kan. Apr. 13, 2020); United States v. Robinson, 2020 WL 1820089 (D. Md. Apr. 11, 2020); United States v. Terrone, 2020 WL 1844793 (D. Nev. Apr. 10, 2020); United States v. Crumpler, 2020 WL 1820580 (N.D. Ohio Apr. 10, 2020); United States v. Zamorano, 2020 WL 1820498 (D. Colo. Apr. 10, 2020); United States v. Champion, 2020 WL 1820488 (D. Mont. Apr. 10, 2020); United States v. Cannon, 2020 WL 1820087 (D. Md. Apr. 10, 2020).

In each of these cases, the pretrial detainee unsuccessfully relied on the current global crisis involving COVID-19 in seeking to reopen the detention hearing. What these decisions make clear is that COVID-19 does not support the reopening of a detention

hearing because "the governing legal standard 'is *not* . . . the harms that [a defendant's] incarceration [might] cause (however substantial),'" but rather "'the danger' that 'would be posed *by the person's release*.'" *Calvert*, 2020 WL 1847754 at *2 (quoting *United States v. Lee*, 2020 WL 1541019 at *5 (D.D.C. Mar. 30, 2020) (emphasis in original, 2 quoting 18 U.S.C. § 3142(g)(4))).

In contrast to the cases that defendant has cited, he offers nothing more than generalized fear and speculation, which do not constitute a compelling reason for release. *See Lake*, 2020 WL 1852435 at *3; *See also Hussein*, 2020 WL 1853656 at *4; *Graham*, 2020 WL 1685912 at *5-6.

At best, defendant has raised concern about the extent to which COVID-19 cases might arise at the FDC and the possibility that he might contract the virus. He fails, however, to articulate how his own personal health has been impacted or articulated any heightened health hazards he suffers that place him at a higher risk of catching the virus should an outbreak occur at the FDC. At best, and without any medical records or verification, he contends he suffers from asthma that could make him particularly vulnerable to complications arising from the virus should he become infected. (Dkt. No. 27, p. 16.) He makes no mention if the asthma is moderate or severe or any circumstances to suggest that extra precautions are warranted or that his health would be in jeopardy with continued detention.

Last, the defendant generally reports that the FDC's restrictions on attorney communications with detainees calls for his temporary release under 18 U.S.C. § 3142(1)(4) because such release is "necessary for preparation of his defense[.]" In support of his request he asserts counsel cannot visit him at the FDC, and the only means of communication is by email, U.S. mail, or by telephone (Dkt. No. 27 p. 23) and that because of these restrictions counsel is prevented from having meaningful in-person meetings with his client regarding his case or to prepare for trial.

Again, the government does not dispute that such restrictions are in place. But the reality is that defendant's ability to communicate with counsel is the same for all

defendants currently housed at the FDC.  The defendant does not challenge the government's assertion that the FDC is working closely with counsel to ensure proper access.

Moreover, General Order No. 01-20 was issued on March 6, 2020 in response to the outbreak of COVID-19 in Washington.  Among other things, General Order 01-20 continued all criminal matters scheduled for in-court appearance, including the trial in this case.  The continuance was extended through June 1, 2020, by General Order No. 02-20 which was issued on March 17, 2020.  The continuance was further extended through July 1, 2020. *See* General Order No. 07-20 (Apr. 13, 2020).   As indicated in each of the General Orders, the COVID-19 virus has delayed virtually all proceedings which will result in additional time to prepare for trial and consult with counsel.  This Court will certainly be amenable to a motion for additional time to consult with counsel and prepare for trial in a meaningful way should the defendant make such a request.

As previously noted, the defendant's motion is premised almost in its entirety on his fear that he will become infected with COVID-19 at the FDC.  The risks the defendant poses to the safety of the community if he were released is extraordinarily high and far outweigh his desire to be released because of his generalized fear of contracting the virus.

After conducting a *de novo* review of the basis for the defendant's motion this Court reaches the same independent conclusion as the underlying magistrate judge.  The defendant's serious criminal history, the nature and circumstances of the case and arrest, his gang connections, and the fact he was on probation when he allegedly committed the instant offense all militate against his release.

///

///

///

///

///

For the foregoing reasons the defendant's motion for release on an appearance bond or in the alternative for temporary release are DENIED.

DATED this 1st day of May, 2020.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge